**FILED**

AUG - 4 2008

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael James Lawrence #145666 <br> and <br> William Dean Wetmore #370863 <br> P.O. Box 548 <br> Lexington, Oklahoma 73051 – 0548 <br> –v– *Plaintiff* | C. <br><br> Case: 1:08-cv-01344 <br> Assigned To : Collyer, Rosemary M. <br> Assign. Date : 8/4/2008 <br> Description: Pro Se General Civil |
| William K. Suter <br> and <br> Gail Johnson <br> One First Street Northeast *Defendant* <br> Washington, D.C. 20543 - 0001 | |

## COMPLAINT

*[signature]*
Michael James Lawrence #145666
P.O. Box 548
Lexington, Oklahoma 73051 – 0548

*[signature]*
William Dean Wetmore #370863
P.O. Box 548
Lexington, Oklahoma 73051 – 0548

## A. Jurisdiction

**1.** Michael Lawrence is a Citizen of Oklahoma,
     (Plaintiff)       (State)
who presently resides at the Joseph Harp Correctional Center, P.O. Box 548 Lexington, Oklahoma 73051 – 0548 Plaintiffs were affected by the Unconstitutional Procedures enforced by Defendant William K. Suter, and Gail Johnson, defendant herein.

The punishment procedures from, which I seek relief affect the following conviction
1. (a) Court in which punishment was rendered: Oklahoma County
2. Date of punishment: February 3, 1994
3. Twenty years punishment was rendered by jury and after the jury was released, the state and judge usurped the will of the jury and increased punishment to 80 years in violation of Oklahoma Statute title **22 [447 U.S. 343 at 346] § 926** (1971), and in disobedience of the Supreme Court decision in Hicks-v-Oklahoma **447 U.S. 343,100 S.Ct 2227, 65 L. Ed, 2d 175** (1980)
4. Name of presiding Judge: Virgil Black

1b). William Wetmore is a citizen of Oklahoma,
     (Plaintiff)       (State)
who presently is incarcerated Joseph Harp Correctional Center, P.O. Box 548, Lexington, Oklahoma 73051 – 0548. This plaintiff was affected by procedures enforced by William K. Suter and Gail Johnson defendants herein.

The Punishment procedure from, which I seek relief affect the following conviction.
1. (a) Court in which punishment was rendered Comanche County, Case Number CRF –98-441
2. Date of punishment: March 30, 2000
3. Terms of punishment rendered by jury 20 years, which was increased by the State and Judge after the jury was released the will of the jury and increased punishment to 210 years in violation of Oklahoma Statute title **22 [447 U.S. 343 at 346 § 926** (1971) and in disobedience of the mandate that was issued by the Supreme Court in Hicks-v-Oklahoma at 346.
4. Name of presiding Judge: Allen McCall.

**2.** Defendant William Suter is the administrator of the Court Clerks' office of the United States Supreme Court, which is an agency of the State of Washington D.C. in his individual capacity. At the time of the claims alleged in this complaint, arose, defendant Suter was acting under the color of federal law. Both defendants are responsible for the non-judicial functions of the clerks office, defendant Suter being the administrator has not only exceeded his authority, he allows the clerks under his supervision to perform quasi-judicial acts and render judicial decisions, and allows the clerks under his supervision to issue court orders, beyond their duty and authority of clerks of the court. Both defendants in this cause have acted outside the scope of their authority and are entitled to no immunity whatsoever. The Constitutional guarantees everyone of access to

the Court, the defendants has falsely represented to have judicial authority to issue court orders with full knowledge they conspired to commit these acts outside the scope of their authority as clerks of the court. Their intent was for these pro-se litigants would rely on the false representation of the judicial orders rendered by the Clerks of the Court, and has caused both plaintiffs a loss of Liberty, and also caused damage to defend against the defendants acts committed outside the scope of their duty as clerks of the court.

**3.** Jurisdiction is invoked pursuant to **28 U.S.C. 1343 (3) and 2202; 42 U.S.C. 1983.** Bivens-v- Gunknown defendants, 403 U.S. 388, 91 S ct. 1999 (1971) See Hicks-v-Oklahoma **447 U.S. 343 at 346, 100** S. ct. **2227 65 L. Ed 2d** (1980). By Statute in Oklahoma a convicted defendant is entitled to have his punishment fixed by the jury.

### § 926.1.        Assessment of punishment by jury

In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided.

Hicks have not been overruled, and Oklahoma Legislature has not replaced 926.1.

The United States District Court has personal jurisdiction over the parties in that the defendants conduct systematic and continuous business within the ~~State~~ District of Washington D.C.

Venue is proper in this Court since the Defendants do business and maybe found in the Supreme Court Clerks office at one First Street Northeast Washington D.C., 20543 and the acts, which gives rise to this complaint were committed within the district of Columbia ~~State~~ of Washington. D.C.

## INTRODUCTION

Plaintiff's filed in the United States Supreme Court a petition for Indirect and/or Constructive Contempt of Court charges be answered by the State of Oklahoma for the willful disobedience of the mandate that was issued in Hicks-v-Oklahoma 447 U.S., 343 at 346, 65 L. Ed. 2d 175, 100 S.ct 2227 (US. Okla. 1980) and this mandate directly affects these plaintiffs, When the Supreme Court ruled by statute in Oklahoma a convicted defendant is entitled to have his punishment fixed by the jury 22 [447 U.S. 346] 929 these plaintiffs jury did in fact fix punishment. The court released the jury and several days later the judge on the recommendation of the district attorney usurped the will of the jury and increased the punishment four times. Attached as (exhibit one) is page six of the sentencing transcript, lines seven thru eleven the state acknowledges the jury did in fact fix punishment at twenty years, also asking the judge to usurp the will of the jury and increase the punishment in willful disobedience of the mandate in Hicks at 346, Also in Hicks, the Supreme Court ruled the only authority the court has in punishment is, if the jury finds guilt and fails to agree on punishment Okla. Stat. tit. 22 O.S. 927, plaintiff's jury did not fail, and Oklahoma is in Contempt of the mandate in Hicks Supra.

The defendant William K. Suter, who is the official officer of the Court Clerks office of the Supreme Court, has allowed assistant Clerk Gail Johnson to perform by judicial fiat a quasi-judicial act. The defendants' bad faith conduct has denied plaintiffs access to the Supreme Court of the specific performance of enforcing the mandate in Hicks supra, the defendants has wrongfully interfered with the plaintiff's access to the court. The defendant has conspired with each other to obstruct justice, and hinder, and impeded these pro-se litigants of the "Dead Bang Winner" as announced by the mandate that was issued in Hicks at 346. The defendants actions are motivated by plaintiffs pro-se class based animus. The defendants has interfered and impeded these plaintiffs access to the court, the defendants quasi-judicial acts has discriminated and deprived these pro-se litigants of adequate, effective and meaningful access to the court, Intentionally conspiring with each other to deprive these plaintiffs of their "Liberty" without due process of law guaranteed by the Fourteenth Amendment of the Constitution. In Bounds-v-Smith 430 U.S. 817, 97 S.ct 1491, 52 L. Ed. 2d 72 (1977) Bodie-v-Connecticut 401 U.S. 371, 91 S.ct. 780, 28 L. Ed. 2d 113 (1971) the Supreme Court ruled, the due process clause has been construed to allow prisoners meaningful access to the Court, not the Clerk. Plaintiffs have filed a

1

grievance with the Court Clerks office to exhaust administrative remedies. These plaintiffs in this cause have proved the conduct of Oklahoma was willful and intentional disobedience of the court order/mandate that was issued to Oklahoma in Hicks supra. Oklahoma has deprived these plaintiffs of their "Liberty" and due process of law guaranteed by the Fourteenth Amendment of the Constitution, and under Oklahoma Statutes. The defendants conduct by denying access to the court has invaded a private substantive and procedurally legally protected interested as announced by the Supreme Court in Hicks supra, these are the very rights these plaintiffs seek to retrieve.

### THE DEFENDANTS HAS VIOLATED THESE PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT RIGHTS TO CORRESPOND AND THE RIGHT OF ACCESS TO COURT AND THE RIGHT TO PETITION

When Oklahoma willfully disobeyed the mandate in Hicks supra, these plaintiffs brought the willful disobedience to the Supreme Courts attention by way of Indirect or Constructive Contempt charges, which the defendants, clerk granted themselves a quasi-judicial act, and ruled the Supreme Court does not have jurisdiction to enforce its mandates/court orders. Plaintiffs' contempt of court should have been brought to the justices' attention instead of an assistant clerk making an absurd ruling.

The assistant clerk denying these plaintiffs the right to the court, and the right to correspond is a violation of both substantive Constitutional Rights and the procedural due process and equal protection of law. The single act of depriving these plaintiffs of the right to correspond simultaneously constitutes a violation of substantive constitutional rights and of the right to procedural due process. The right to correspond is protected by the First and Fourteenth Amendment, The result of the defendant depriving these plaintiffs of this right violates their substantive guarantees, at the same time because the interest in corresponding is a Liberty interest within the meaning of the Fourteenth Amendment. The manner of the defendants quasi-judicial act deprived these plaintiffs rights and violated the procedural norms embodied in the due process clause, see, e.g. Procunier-v- Martinez 416 U.S. 396, 94 S. ct. 1800, 40 L.Ed. 2d. 224 (1973).

2

The court clerk who authorizes an assistant clerk to make a judicial determination and issue a court order that the Highest Court in the United States does not have jurisdiction to enforce their own court orders, mandates, any court of justice are universally acknowledged to be vested by their very creation with power to punish for contempt for willful disobedience to their lawful mandates Anderson-v-Dunn 6 Wheat 204, 227, 5 L. Ed. 242 (1821) also Ex parte Robinson 19 Wall 505 at 510, 22 L. Ed. 205 (1874). It is very obvious the fact this case was submitted by pro-se litigants it was simply rubber-stamped by these defendants. Both plaintiffs in this cause has proved the conduct of Oklahoma was intended to willfully disobey the mandate in Hicks supra, that was ordered for Oklahoma to obey. The disobedience has Oklahoma in contempt of court, also this intentional disobedience has caused plaintiffs six years irreparable injury, and they are in danger of sustaining future injury of this willful disobedience of the High Courts orders mandate to Oklahoma. On May 7, 2008 this defendant Clerk Gail Johnson was in such a hurry to take leave on vacation the plaintiffs case was on her desk and without any respect for her job position, the Constitution of the United States, or for the rights of these plaintiffs, she simply took on the authority of the justices with the approval of defendant Suter, and simply rubber-stamped the case the Supreme Court does not have jurisdiction to enforce the court orders it renders. As the Fourth Circuit ruled in McCray-v-Maryland 456 F 2d 1,6 (4th Cir. 1972) "Of what avail is it to the individual to arm himself with a panoply of Constitutional rights if when he seeks to vindicate them, the courtroom can be hermetically sealed against him by a Court Clerk who, by refusal or neglect impedes the filing of his paper, McCray at 6

## BOTH THESE DEFENDANTS HAS ACTED OUTSIDE THE SCOPE OF THEIR NON-JUDICIAL AUTHORITY AS ADMINISTRATORS OF THE COURT

Defendant Suter being Court Administrator knew or should have known his official duty is to supervise the non-judicial function of the court, and to supervise the functions of the clerks within his office, and under his direct supervision, monitoring the non-judicial functions of the clerks of the court. Both defendants has acted outside the scope of their authority, defendant Suter has allowed the clerks under his supervision to perform judicial acts, rendering judicial decisions, issuing judicial orders, and went as far as allowing his name to appear on orders,

3

decisions that have been rendered by the assistant clerks. Both court clerks, Suter and Johnson has acted outside the scope of their non-judicial function of clerks within the court, these acts were done maliciously, willfully, in error, and exceeded both of these defendants authority as clerks of the court, also they have passed the line of their official duty as clerks. Both of these defendants have acted outside the scope of the office of the clerk, and are entitled to no immunity whatsoever. Butz-v-Economou 438 U.S. 478, 98 S. ct. 2894 at 2905, 57 L. Ed. 2d 895 (1978) Barr-v-Matteo 360 U.S. 564 3 L. Ed. 2d 1434, 79 S. ct 1335 (1959)

## THESE PLAINTIFFS SHOULD BE AWARDED $500.000.00 FIVE HUNDRED THOUSAND DOLLARS IN ACTUAL DAMAGE INJURY AND LOSS DUE TO THE DEFENDANTS ACTS OUTSIDE AND BEYOND THE SCOPE OF THEIR AUTHORITY AS COURT CLERKS.

The litigation that these defendants has willful and intentionally caused the plaintiffs actual loses, and damage of fifteen hundred hours of research, court cost, copies, postage, and the defendants bad faith conduct has denied the plaintiffs substantive remedy of law that was announced by the Supreme Court in Hicks-v-Oklahoma 22 [447 U.S. 346] 926

## THESE PLAINTIFFS SHOULD BE AWARDED $500.000.00 FIVE HUNDRED THOUSAND DOLLARS IN COMPENSATORY DAMAGE FOR THE LOSS OF LIBERTY, MENTAL ANGUISH, AND FOR THE OFFICIAL ACTS COMMITTED OUTSIDE THE SCOPE OF THEIR AUTHORITY.

Compensatory damages should be awarded not only for the actual monetary loss, also for the wrongful acts outside the scope of their authority by impersonating the roll of the Justices, with the intent the plaintiffs would act upon their misrepresentation to deny these plaintiffs of the "Dead Bang Winner," which the actual damage would be to stay in prison even a day longer is a very substantial loss of liberty, and to deny the plaintiffs very rights to have punishment imposed by the jury as announced by this Supreme Court in Hicks at 346.

4

## PLAINTIFFS SHOULD BE AWARDED PUNITIVE DAMAGES IN THE AMOUNT OF 5,000,000.00 MILLION DOLLARS NOT ONLY FOR THE FRAUD AGAINST THESE PLAINTIFFS BUT ALSO THE FRAUD AGAINST THE SUPREME COURT

The defendants Suter and Johnson has falsely represented to have the scope of authority to make judicial decisions and authority to render judicial orders, when in fact the court clerks office is only authorized the supervisory function of non-judicial authority.

Defendant Suter, the administrator of the court was fully aware the scope of his authority is to supervise the non-judicial functions of the court. These defendants had full knowledge they were indeed acting outside the scope of their authority. When the assistant clerk, defendant Johnson made judicial decisions, and rendered judicial orders, outside the scope of their authority, when in fact both defendants names appear on the orders they rendered, neither of these defendants can claim they did not act in concert with the other when in fact they were fully aware the administrator Suter, authorized defendant Johnson to act outside the scope of their authority.

These defendants had the willful intent that these pro-se litigants would simply go-away by their false representation, when these defendants acted outside the scope of their authority by judicial determination they conspired with each other to commit the fraud. The defendant's conspiracy was for the plaintiffs to accept their fraudulent representation of the judicial decision they rendered. These plaintiffs has by the defendants acts committed outside the scope of the non-judicial supervisory authority has acted malicious in willful error, exceeded his authority pass the line of both defendants duty as clerks, and beyond the authority of the official duty as clerks and caused these plaintiffs actual damage, actual mental anguish, they have also violated the very integrity of the Supreme Court of the United States. They have violated by their willful deceit even the position as Court Clerks they have also violated the very temple of justice. The acts that has been committed in this case by these Court clerks.

If these plaintiffs have suffered an injury barred by the Federal Constitution, they have a remedy for damages under § ~~1983~~ *Bivens*, well the Supreme Court in the Hicks at 346 and I quote, "By statute in Oklahoma a convicted defendant is entitled to have his punishment fixed by the jury Okla. Stat. tit 22 [447 U.S. 346] § 926 (1971) the liberty interest is one that the

5

Fourteenth Amendment preserves against arbitrary deprivation by the State. Oklahoma willfully, and intentionally disobeyed this order and is in contempt of court. These plaintiffs brought, or tried to bring this contempt complaint to the Supreme Courts attention with a panoply of Constitutional violations only to have the court hermetically sealed by an assistant clerks conspiracy. Furthermore those who deliberately deprive any citizen of his Constitutional Rights risk conviction under the Federal Criminal law. **O'Shea-v-Littleton 414 at 503 94 S. ct. at 679**

## THESE PLAINTIFFS LEGAL BASIS AND THE METRIT RELATING TO THE LAW, AND THE PROVIENCE OF LAW

These plaintiffs have a well-established right to have their jury access punishment after a guilty verdict when Oklahoma provided for the imposition of criminal punishment in the discretion of the jury. These defendants in such a case has a substantial and legitimate expectation that they will be deprived of their liberty only to the extent determined by their jury in the exercise of its statutory discretion and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by Oklahoma U.S.C.A. Const. Amend. 14. Oklahoma Statute Title 22, [447 U.S. 346] § 926 (1971). Plaintiffs have met the legal basis for their claims, the Supreme Court decided when Oklahoma denied these plaintiffs of this statutory and Constitutional Right, this case has the legal merit and is a serious Constitutional violation that was willful and intentional disobedience of the mandate that was issued to Oklahoma in Hicks supra at 346. The injury that has been inflected on these plaintiffs by Oklahoma's willful disobedience is a violation of their legally protected right, and as the Supreme Court in Hicks supra ruled these plaintiffs was provided a remedy of law for the Constitutional violations, the defendants has also violated the right "Bounds" acknowledged is the (already well established) right of the access to the court, which thee defendants has violated e.g. Bounds 430 U.S. at 817, 821, 828, 97 S. ct. at 1492-1943, 1494, 1498. These defendants has also denied the Supreme Court of their inherent power to enforce their lawful mandates, and if their mandates are disobeyed as was done in the present case the Supreme Court becomes of no affect. What is next when the lower courts are disobeyed? We will become a lawless society. These plaintiffs right to be punished by jury is a sacred right conferred by Oklahoma law. This law cannot be abrogated without violation of Due Process Clause of the Fourteenth Amendment of the Constitution.

6

Oklahoma did in fact violate the very right that is provided and conferred for by Statute, once granted as did Okla. Stat. Tit 22 [447 U.S. 346 § 926 (1971)] once the right to be tried and punished is granted, may not be denied or withheld without violation of due process. Paul-v-Davis 424 U.S. 693, 710-711 47 L. Ed 2d 405, 96 S. Ct. 1155. Oklahoma legislature created the entitlement relating to punishment procedures or to the term of incarceration is clearly protected as a "liberty" interest under the due process clause of the United States Constitution. Morrissey-v-Brewer 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593. Wolf-v-McDonald 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963, 71 Ohio ops 2d 336; Gagnon-v-Scarpelli 411 U.S. 778, 36 L. Ed 2d 656, 93 S. Ct. 1756, 71 Ohio ops 2d 279. For all the reasons and Constitutional violations herein this case is not frivolous, the panoply of Constitutional violations of these plaintiffs legal rights for, which has been provided a remedy of law that has been decided by the Supreme Court, and which these plaintiffs seek to retrieve.

Both defendants Clerks in the case at bar has by deceit, maliciously, and with malice knowingly and intentionally knew they both were passed the line of authority of the Court Clerks non-judicial duty. The Supreme Court is vested by their very creation with power to impose submission to their lawful mandates to impose silence, respect, decorum in addition, it is firmly established that "[the] power to punish for contempt is inherent in all courts, this inherent power of the Supreme Court, is the very right that the defendants has willfully denied these plaintiffs. Anderson-v-Dunn 6 Wheat 204, 227 5 L. Ed. 242 (1821) also Exparte Robinson 19 Wall 505 at 510, 22 L. Ed. 205 (1874), United States-v-Hudson 7 Cranch 32, 34 3 L. Ed. 259 (1812) Roadway Express-v-Piper 447 U.S. 752, 764, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980). Oklahoma disobedience of Hicks Supra has continued for 28 years, and this litigation will directly benefit others.

**PLAINTIFF'S REQUESTED THE FOLLOWING RELIEF THIS HONORABLE FEDERAL DISTRICT COURT INVOLK THE ERIE DOCTRINE AND APPLY OKLAHOMA LAW AS WAS ANNOUNCED BY THE SUPREME COURT IN HICKS-V-OKLAHOMA**

The Supreme Court decided the very rights these plaintiffs seek as a Federally Constitutional Right as decided by Hicks-v-Oklahoma, at 447 U.S. 346 and Oklahoma has a

7

conflict with the substantive law as it was decided by the High Court; Erie R. Co. Tompkins 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 114 ALR 1487 (1938). Erie guarantees a litigant that if he brings his state law cause of action to federal court, and abides by the rules of the Court, the results will be the same as if he had brought it in State Court.

The acts that has been committed by these defendants was in breach of their duty as Court Clerks, also they were fully aware of the harm they were intentionally inflecting on these pro-se litigants by not only denying their legally protected right of access to the court, right to petition, and to correspond, these defendants has invaded the legally protected interest. The injury that has been sustained by the plaintiffs gives standing to bring this action for damages, the irreparable injury these plaintiffs has sustained, also the real danger of future damage can never be adequately measured in compensated money award. Defendant Suter, administrator, supervisor can be charged with violating the equal protection clause of the Constitution for discriminatory result the act perpetrated by the clerk Johnson, was the intent and purpose of Suter.

Defendant Suter was recklessly indifferent to violations of plaintiffs' constitutional rights. This tack is available because both clerks are under the color of federal law in their individual capacity. Suter has intentionally participated in plaintiff's injuries as the Supervisor, administrator intended for the clerks under his supervision to discriminate against these pro-se litigants.

The court order issued by defendant Johnson and Suter, dated May 7, 2008, which stated the Supreme Court does not have jurisdiction to enforce the contempt complaint petition submitted by plaintiffs was sent for copies and conveniently lost, plaintiffs have by phone and letter, tried to get a copy from the defendants, which has been provided unsigned attached as Exhibit (2). A notarized sworn statement from plaintiff Wetmore's sister, Mrs. Debra Daubenspeck that Gail Johnson per phone conservation dated June 5, 2008, stated the Supreme Court has no jurisdiction to enforce the contempt order submitted by plaintiff Exhibit (3).

8

**PLAINTIFFS RESPECTFULLY PRAY THIS FEDERAL DISTRICT COURT GRANT THE FOLLOWING RELIEF**

1. Invoke the Erie Doctrine and apply Oklahoma law as it was ordered in Hicks at 346

2. The original punishment imposed by these plaintiffs jury of 20 twenty years punishment.

3. Actual Damage of 500,000.00 five hundred thousand dollars.

4. Compensatory Damage of 500,000.00 five hundred thousand dollars.

5. Punitive damage for $5,000,000.00 five million dollars.

6. Criminal charges filed under federal law for willful and intentional violation of these plaintiffs Constitutional rights against both defendants in this action.

7. Request jury trial.

Both plaintiffs in this case declare under the penalty of perjury everything within this Bivens action is true and correct to the best of our knowledge and belief.

_(Signature)_
Signature

_(Signature)_
Signature

Notary Public

Subscribed and sworn before me on _____ 18th day of July _____ day of 2008

Cleveland County }
                 }    ss
State of Oklahoma }

_(Signature)_
Notary

SANDRA DORRIS
Notary Public
State of Oklahoma
Commission # 99010119  Expires 07/27/11

Commission Expires _____

# Exhibit (1)

## Front page and page (6) sentencing transcript

1          IN THE DISTRICT COURT OF OKLAHOMA COUNTY

2                    STATE OF OKLAHOMA

3    STATE OF OKLAHOMA,            )
                                   )
4              Plaintiff,          )
                                   )
5    vs.                           )      Case No. CF-93-4619
                                   )
6    MICHAEL JAMES LAWRENCE,       )
                                   )
7              Defendant.          )

8                    * * * * * * * * *

9            TRANSCRIPT OF PROCEEDINGS HAD ON THE

10            3RD DAY OF FEBRUARY, 1994, BEFORE

11             THE HONORABLE VIRGIL C. BLACK,

12                     DISTRICT JUDGE

13                  * * * * * * * * *

14                   FORMAL SENTENCING

15                  * * * * * * * * *

16

17   APPEARANCES:

18          ROBERT H. MACY, ESQ., District Attorney, and
     LORI NETTLETON, ESQ. and FERN SMITH, ESQ., Assistant
19   District Attorneys, 320 Robert S. Kerr, Oklahoma City,
     Oklahoma, 73102.

20
            JACK WILKINS, ESQ., 5400 N.W. Grand Blvd.,
21   Suite 525, Oklahoma City, Oklahoma, 73112.

22   REPORTED BY:

23   SUSAN CONNER, C.S.R., R.P.R.
     OFFICIAL COURT REPORTER
24   210 OKLAHOMA COUNTY COURTHOUSE
     OKLAHOMA CITY, OKLAHOMA  73102
25   (405) 278-1114

                                          08 1344

                                        FILED

                                       AUG - 4 2008

                                    Clerk, U.S. District and
                                      Bankruptcy Courts

1    MS. NETTLETON:  Yes, Your Honor.  On the page

2    two of the Information in 1988, on May 12th, he received

3    three different sentences for five years to serve term on

4    three different cases.  Had the defendant served all five

5    years Nancy Lay may be alive today.  I just want to bring

6    that to the Court's attention.

7    We understand the jury gave him 20 years and we

8    also understand that he would not serve all of the 20 had

9    they given him the one count.  Therefore, to see that

10    justice was served, we do ask respectfully that they be

11    run consecutively.

12    THE COURT:  Mr. Macy?

13    MR. MACY:  No.

14    THE COURT:  You're sentenced to confinement

15    under the supervision of the Department of Corrections

16    for a term as follows:  Count 2, 20 years in accordance

17    with the jury verdict.  As to count 3, 20 years; as to

18    Count 4, 20 years; as to Count 5, 20 years, all in

19    accordance with the jury verdict.

20    You're to pay the court costs.  I'm going to

21    give a number in here that's, I'm sure, is wholly

22    inaccurate.  I'm going to say approximately a thousand

23    dollars plus or minus.  It may be less and it may be

24    quite a bit more, payable instanter.  The victims

25    compensation assessment of -- looking at --

IN THE DISTRICT COURT OF OKLAHOMA COUNTY

STATE OF OKLAHOMA

THE STATE OF OKLAHOMA,           )
                                 )
                Plaintiff,       )
                                 )
        -vs-                     )        CF-93-4619
                                 )
MICHAEL JAMES LAWRENCE,          )        DOB:  05/31/53
                                 )
                Defendant.       )

## JUDGMENT AND SENTENCE

Now, on this 3rd day of February, 1994, this matter comes on before me, the undersigned Judge, for sentencing. The defendant, **Michael James Lawrence**, appears personally and by attorney **Jack Wilkens**, after being tried by a jury and found guilty of the crime(s) of:

**Count 2 - Possessing A Firearm After Former Conviction of Three (3) or More Felonies, Count 3, 4 & 5 - Attempted Subornation of Perjury After Former Conviction of Two (2) or More Felonies.**

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** by the Court that the Defendant, **Michael James Lawrence**, is sentenced to a term of **Twenty (20) Years on each of above four (4) counts** in the custody of the Oklahoma Department of Corrections. Defendant waives 10 days in County Jail.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that in addition to the preceding terms, the following provisions shall also be a part of this Judgment and Sentence as indicated:

A.    The defendant shall pay the court costs/fees **in an approximate amount of $1,000.00 +/- instanter as per Summary of Facts.**

B.    The defendant shall pay Victim's Compensation Assessment of **$1,000.00 instanter as per Summary of Facts.**

C.    The sentences on Counts 2, 3, 4 and 5 to run **consecutively.**

WITNESS my hand the 3rd day of February, 1994.

(SEAL)

_____
Virgil C. Black, District Judge

ATTEST:  **Tom Petuskey, Court Clerk**

By: _____
         **Deputy Court Clerk**

### CLERK'S CERTIFICATION OF COPIES

I, **Tom Petuskey**, Clerk of the District Court of Oklahoma County, State of Oklahoma, hereby certify the foregoing to be a true, correct, full and complete copy of the original Judgment and Sentence in the case of the State of Oklahoma v. **Michael James Lawrence**, as the same appears of record in my office.

WITNESS my hand and official seal this **3rd** day of **February, 1994.**

(SEAL)                                          **TOM PETUSKEY, COURT CLERK**

By  _____
       **Deputy Court Clerk**

### SHERIFF'S RETURN

I received this Judgment and Sentence the _____ day of _____, 19_____, and executed it by delivering the defendant to the Warden of the Lexington Assessment and Receiving Center at Lexington, Oklahoma, on the _____ day of _____ _____, 19____.

I, TOM PETUSKEY, Court Clerk for Oklahoma **J.D. SHARP, SHERIFF, OKLAHOMA COUNTY**
County, Okla., hereby certify that the foregoing is a
true, correct and complete copy of the instrument
herewith set out as appears of record in the District
Court Clerk's Office of Oklahoma County, Okla., **Deputy Sheriff**
this _____ day of _____, 19___
                    TOM PETUSKEY, Court Clerk            -2-
                                                                          MAR 1 1 1994
By _____ Deputy

# Exhibit (2)

## Defendant Clerks Court Order

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

May 7, 2008

Michael James Lawrence
#145666
P.O. Box 548
Lexington, OK 73051

Dear Mr. Lawrence:

In reply to your letter or submission, received May 6, 2008, I regret to inform you that the Court is unable to assist you in the matter you present.

Under Article III of the Constitution, the jurisdiction of this Court extends only to the consideration of cases or controversies properly brought before it from lower courts in accordance with federal law and filed pursuant to the Rules of this Court. The Court does not give advice or assistance or answer legal questions on the basis of correspondence.

Your papers are herewith returned.

The Rules of this Court are enclosed.

Sincerely,
William K. Suter, Clerk
By:

Gail Johnson
(202) 479-3038

Enclosures

08 1344
**FILED**

AUG - 4 2008

Clerk, U.S. District and
Bankruptcy Courts

# Exhibit (3)

## Notarized Sworn Statement, Mrs. Daubenspeck

Statements made by Gail Johnson as per phone conversation June 5, 2008:

When looking for any correspondence from either Michael Lawrence or William Wetmore, Ms. Johnson stated: "I don't see a petition of sertiary" (not sure of the spelling).

She also stated that:

"The inmates need to file with the proper court. This court has no jurisdiction in this case."

"Anything sent to this court has to be properly brought before the court - the inmates must read the rules."

"I'm not allowed to give any kind of legal help."

*Debra Daubenspeck*

Debra Daubenspeck

Subscribed and sworn to before me this __17th__ day of June__ . 2008
My Commiaaion Expires __July 24, 2011__
99009476

*Olene Bible*

Signature of Notary

08 1344

**FILED**

AUG - 4 2008

Clerk, U.S. District and
Bankruptcy Courts

# Exhibit (4)

## Petition for Constructive Contempt of Court, Plaintiff Michael Lawrence

Date:   April 25, 2008

To:     Clerk of the U.S. Supreme Court

From:   Michael James Lawrence #145666
        Joseph Harp Correctional Center
        P.O. Box 548
        Lexington, Okla. 73051 – 0548

Ref.:   Filing the enclosed documents, Motions for Leave to Proceed in Forma Pauperis, Proof of Service, Petition for Constructive Contempt

To Whom It May Concern,

Enclosed are the above listed documents listed for filing in the U.S. Supreme Court. Everything is in order and fully comports to the rules of this court for filing. Also with past errors and difficulties and that have been committed in the past everything is as follows.

|                                           | **Page**  |
|-------------------------------------------|-----------|
| Table of Content                          | i         |
| Table of Authorities                      | ii        |
| Relevant Background                       | 1         |
| Petition for Constructive Contempt        | 1 thru 3  |
| Petitioners Standing                      | 3         |
| Appendice (1) ) Okla. Stat tit 926, 927   |           |
| Sentencing Transcript, Supreme Court      |           |
| Decision Hicks-v-Oklahoma                 |           |
| Appendice (2) Judgment and Sentence       |           |
| Sworn Affidavit                           | 4         |



RECEIVED
MAY 6 - 2008
OFFICE OF THE CLERK
SUPREME COURT, U.S.

_Michael James Lawrence_
Signature

08 1344
**FILED**

AUG – 4 2008

Clerk, U.S. District and
Bankruptcy Courts

Date: April 30, 2008

From: Michael James Lawrence
      Joseph Harp Correctional Center
      P.O. Box 548

To: Honorable Justice Stephen Breyer
    U.S. Supreme Court For the 10th Circuit

Your Honor,

These documents enclosed are for Constructive Contempt charges against the State of Oklahoma for willful disobedience of this High Courts order that was issued to Oklahoma on June 16, 1980 in Hicks-v-Oklahoma [447 U.S. 346]. Enclosed is petition for Constructive Contempt, which was committed outside the presence of the court, along with the Oklahoma statutes 926, and 927 that this court order was based on, also attached is a copy of the decision Hicks-v-Oklahoma and sentencing transcript in which the Oklahoma District Attorney Ms. Lori Nettleton acknowledged on page six line seven through eleven that this petitioner's jury did in fact set punishment at twenty years, also Ms. Nettleton on Page six persuaded the presiding judge to increase the punishment by sixty years, many days after the jury had been released. These documents listed were filed with the Supreme Court Clerk, and Attorney General of Oklahoma, justice will be served best by keeping your office informed of each step of this case.

Thank you for your time and consideration.



                                  Signature

No. _____

_____

## IN THE

## SUPREME COURT OF THE UNITED STATES

<u>MICHAEL JAMES LAWRENCE</u> - Petitioner(s)

Vs.

<u>THE STATE OF OKLAHOMA</u> – Respondent(s)
Honorable Charles Chapel
And the Oklahoma Court of Appeals
The Oklahoma County District Court and the
Honorable Virgil Black

## ON PETITION FOR CONSTRUCTIVE CONTEMPT OF COURT

Michael James Lawrence #145666
Pro Se
Joseph Harp Correctional Center
P.O. Box 548
Lexington, Oklahoma 73051 – 0548

Signature

## TABLE OF THE CONTENTS

                                                              Page

Relevant Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Petition for Constructive Contempt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 thru 3

Standing to Be Heard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Sworn Affidavit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Requested Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## INDEX OF APPENDICES

Appendix one (1)      (19 pages)

Okla. Stat. tit. 22 O.S. § 926 [447 U.S. 346]

Okla. Stat. tit. 22 O.S. § 927

Hicks – v – Oklahoma 100 S.ct. 2227, [447 U.S. 343 at 346]

Sentencing Transcript

Appendix two

Appendix two (2)      (2 page)

Judgment and Sentence

i

## TABLE OF AUTHORITIES

Page

U.S. SUPREME COURT CASES:
Hicks – v - Oklahoma 447 U.S. 343 at 346, 65 L. Ed. 2d 175 (1980). . . . . . .     1, 2, 3, 4
Alyeska Pipeline Service – v- Wilderness Society . . . . . . . . . . . . . . . . . . . . .     4
Fleischman Drilling Corp – v – Maier Brewing Co
386 U.S. 714, 718, 18L. Ed. 2d 475 87 Sct. 1404 (1967) . . . . . . . . . . . . . . .     4
Hutto –v – Finney
447 U.S. 678, 679, n 14, L. Ed. 2d 522, 98 S .ct. 2565 (1978) . . . . . . . . . . .     4


U.S. CONSTITUTION:
FOURTEENTH AMENDMENT DUE PROCESS CLAUSE . . . . . . . . . . . . .     3


FEDERAL STATUTES:
18 USC § 40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1


OKLAHOMA CASES:
MONEY V STATE, 700 P.2d. 204 (OK. CR 1985) . . . . . . . . . . . . . . . . . . . . .     2, 4


OKLAHOMA STATUTES:
TITLE 22 O.S.§ 926 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . .     1 thru 3 App 1
TITLE 22 O.S.§ 927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . .     2 App 1

# IN THE
# SUPREME COURT OF THE UNITED STATES

## RELEVANT BRIEF BACKGROUND

The petitioner acting in pro se confined in state prison in Oklahoma, for non-violent crime of attempted subornation of perjury in which after several days of jury trial, a verdict of guilty was rendered in a bifurcated trial, the same jury assessed punishment at (20) years after the jury was released the Judge increased the punishment to (80) years. Petitioner's counsel was never informed of the judges' intent to usurp the will of the jury counsel had no opportunity to be effective since he was blindfolded and gagged.

## PETITION FOR CONSTRUCTIVE CONTEMPT

Petitioner respectfully prays this Honorable Supreme Court issue a show cause order to the respondent judges of Oklahoma for constructive contempt of court title 18 USC § 401 for the willful disobedience of the mandate that was issued to Oklahoma on June 16, 1980. In the case of Hicks-v-Oklahoma [447 U.S. 343 at 346]

The contempt petitioner prays for arose from an act outside the immediate presence of this Supreme Court. The act of said respondents was intended to degrade and make impotent the authority this High Court exercised over Oklahoma in Hicks supra, and to impede and disobey the administration of justice.

The conduct of the respondents was willful, intentional and deliberate with the evil purpose that if Oklahoma was not satisfied with the punishment decision the jury rendered they will release the jury, day, weeks later assess punishment according to the will of the District Attorney and judge.

This wanton conduct is in disregard of the Oklahoma Statute title 22 O.S. 926, the constitutional rights of the accused, and the disobedience of this High Courts order to Oklahoma in Hicks at 346.

1

Respondent judges were presiding over the petitioner's case in District Court and on direct appeal in their judicial capacity. Respondents knew or should have known the state of Oklahoma had been issued a mandate by this Supreme Court in Hicks at 346, that only if the jury failed to reach a decision on punishment that said judges would have jurisdiction to assess and declare punishment Oklahoma Statute title 22 § 927. The judge's authority is to impose the will of the jury, petitioners' jury did not fail to assess punishment.

The jury in this case was very adamant about their decision on punishment that was rendered. The act of releasing the jury from the case, and many days later the judge usurped the will of the jury by increasing the punishment from the 20 years minimum assessed by the jury, the judge increased punishment by 60 years.

This act of the court was committed by the respondents personal motivation used the judicial office of the presiding judge as an offensive weapon with personal motivation to vindicate personal objectives, maliciously, and deliberately, in clear absence of any jurisdiction as decided by this Supreme Court in Hicks at 346.

The act of the Oklahoma court of Appeals that has been committed in the case of Money-vs-state 700 P2d 204, 207 (Okl.Cr. 1985) over-rules an/or circumvents this Supreme Court decision in Hicks supra, to the extent that: the defendants total punishment is not part of the province of the jury. This very act that has been committed by Oklahoma was intended to degrade and make impotent the authority of the Supreme Court, and to impede the authority this High Court exercised over Oklahoma in 1980 in Hicks Supra.

The Oklahoma Legislature is constituted for establishing punishment procedures, not the appeals court. The Oklahoma Legislature when Okla. Stat.tit. 22 O.S. 926 was established their intent was for the jury to assess and declare punishment, not on the whim of a judge.

The unlawful judicially created policy for punishment procedure impedes the administration of justice. This judicially created punishment procedure respondent have illegally conspired and judicially created an arbitrary and substantive evil. The Oklahoma Court of Appeals has created a ghost statute, this non-traditional activity is beyond the scope of the district, and Appeals Court jurisdiction, and duty as judges.

2

The willful misconduct, and disobedience of this Supreme Courts mandate to Oklahoma in Hicks supra is solid evidence of deliberate and intentional conduct with the evil purpose that if the District Attorney and judge are not satisfied with the jury's decision on punishment they release the jury wait days, weeks, and set punishment at what the court feels appropriate.

## PETITIONERS STANDING TO BE HEARD

Respondent judges has disobeyed the mandate that this High Court issued to these respondent Oklahoma in Hicks supra on June 16, 1980. This willful disobedience has caused the petitioner five years irreparable injury, and is in danger of sustaining future injury from their arbitrary conduct. Petitioner seeks an order from this High Court to undo the consequence of the wrongful conduct, and to refrain from their arbitrary substantive evil in the future. This Supreme Court has a duty to enforce its order/mandate, and this petitioner has the right to make the legal claim that the decision/mandate in Hicks is relevant to this petitioner when the respondents denied this petitioner the jury's assessment of punishment which he was entitled to under Oklahoma Laws, Okla. Stat.tit 22[447 U.S. 346] § 926, an arbitrary disregard of this petitioners' right is a denial of due process of law. In Hicks supra Oklahoma conceded to this Supreme Court that the petitioner has a statutory right for the jury to fix total punishment in the first instance, this conceded right is now the same they now denied. The very interest we seek to protect is within the zone of interest regulated by the Oklahoma statute 22[447 U.S. 346] § 926 and the guarantee of the fourteenth Amendment preserves against Oklahoma arbitrarily depriving. Appendix (1) attached page six lines seven thru eleven of the formal sentencing transcript the District Attorney admits the jury in this case gave this petitioner (20) year punishment and after the jury had been released the same District Attorney asked the judge to increase the punishment from 20 years to 80 years in the same transcript on page six.

Michael James Lawrence

3

## REQUESTED RELIEF

1. The original assessed punishment that was imposed by the jury of twenty years in accordance to Oklahoma Law as decided by this Supreme Court in Hicks-v-Oklahoma [447 U.S. 343 at 346] 926.

2. Costs of initiating and filing fees, postage, copies and all costs incurred.

3. What sanctions for willful disobedience under the law of equity jurisdiction, which falls under three categories. Alyeska Pipeline Service Co-v-Wilderness Society 421 U.S. 240, 259, 44 L Ed. 2d 141, 95 S ct 1612 (1975)

   1. Allows this court to award attorney fees to a party whose litigation efforts directly benefit others since the willful disobedience of Hicks at 346, has occurred for the past 28 years since its birth June 16, 1980, as witnessed by the defendants decision in Money-v-State in 1985 and in fact Anthony Money is still incarcerated today in 2008, if the disobedience of Hicks supra, at 346 had not occurred Money would have had his Liberty restored in 1992 and also hundreds before and after Money whose "Liberty" is still being denied by Oklahoma's disobedience, this petitioner has met the first prong of the "common fund exception."

   2. The second prong is willful disobedience of a court order since Oklahoma Court of Appeals overruled/circumvented the U.S. Supreme Court in Money supra, Hicks-v-Oklahoma has not been overruled and Oklahoma statute title 22 O.S. § 926 has not been repealed by the Oklahoma Legislature this petitioner has met second prong Id. At 258, 44 L Ed 2d 141, 95 S ct 1612, quoting Fleischman Drilling Corp-v-Maier Brewing Co.386 U.S. 714, 718, 18 Led 2d 475 87 S ct. 1404 (1967).

   3. The third prong the defendants has defiled the very temple of Justice by Bad Faith Conduct, vexatious, by the obstinacy, hampering and delaying the mandate that was issued by this Supreme Court in Hicks supra, Hutto-v-Finney 437 U.S. 678, 689 n 14, 57 L Ed 2d 522, 98 S ct. 2565 (1978). Petitioner has met all three prongs.

   4. Enforce this High Courts authority of equitable power concerning relations of these parties to reach the Supreme Courts inherent power to police itself; to Vindicate this High Court of judicial authority, and resort to the drastic sanctions available for Oklahoma's willful disobedience of the mandate in Hicks Supra, and make this petitioner whole again for the expense and loss of Liberty for five years caused by Oklahoma's obstinacy, Bad Faith Conduct by delaying and disrupting and hampering the enforcement of the mandate ordered to Oklahoma in Hicks Supra at 346.

   5. Any and all other penalties, costs, fees, sanctions that this Honorable Supreme Court deems appropriate by Oklahoma's willful disobedience of the mandate from this Court in Hicks Supra.

4

## SWORN AFFIDAVIT

I <u>Michael James Lawrence</u>, the petitioner in this cause of action of petition for Constructive Contempt of Court against the respondents/Oklahoma. Swear under the penalty of the perjury that everything within this petition for Contempt of Court is true and correct to the best of my knowledge and belief. Petitioner exercised his right to be tried and punished upon conviction by the jury of his peers as guaranteed by Oklahoma law titled 22 O.S. 926 and United States Constitution, also a plea agreement was offered for a 20 years sentence, which was rejected. The Contempt charges petitioner seeks comes after the fact of which this High Court issued a mandate to Oklahoma/Respondents that by Oklahoma law this petitioner was entitled to have punishment fixed by his jury, and that very jury did in fact fix punishment. This problem arose when as the sentencing transcript verifies the District Attorney was not satisfied with the jury's decision on punishment page six line seven through eleven and asked the judge to usurp the will of the jury and increase punishment. The relevance to the mandate that was issued by this High Court to these respondents is Hicks Supra and 22 [447 U.S. 346] 926, is unrepealed and still in effect and substantially effects this petitioner.

Michael James Lawrence

**Notary Public**

Cleveland County        }
                        } s/s
State of Oklahoma       }

Subscribed and Sworn before me on this _____ 29 th _____ day of April, 2008.

_____ 7-27-11 _____              Sandra Dorris
My Commission Expires                Notary

SANDRA DORRIS
Notary Public
State of Oklahoma
Commission # 99010119  Expires 07/27/11

# Exhibit (5)

## Petition for Constructive Contempt of Court, Plaintiff William Dean Wetmore

No. _____

_____

**IN THE**

**SUPREME COURT OF THE UNITED STATES**

<u>WILLIAM DEAN WETMORE</u> - Petitioner(s)

Vs.

<u>THE STATE OF OKLAHOMA</u> – Respondent(s)
Honorable Charles Chapel
And the Oklahoma Court of Appeals
The Comanche County District Court and the
Honorable Allen McCall

**ON PETITION FOR CONSTRUCTIVE CONTEMPT OF COURT**

William Dean Wetmore #370863
Pro Se
Joseph Harp Correctional Center
P.O. Box 548
Lexington, Oklahoma 73051 – 0548

_William Dean Wetmore_
Signature

08 1344

**FILED**

AUG - 4 2008

**Clerk,** U.S. District and
**Bankruptcy Courts**

## TABLE OF CONTENTS

Page

Relevant Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Petition for Constructive Contempt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1 thru 3

Standing to Be Heard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Sworn Affidavit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

## INDEX OF APPENDICES

Appendix one (1)      (19 pages)

Okla. Stat. tit 22 O.S. § 926 [427 U.S. 346]

Okla. Stat. tit. 22 O.S. § 927

Hicks – v – Oklahoma 100 S. ct 2227, [447 U.S. 343 at 346]

Sentencing Transcript

i

# TABLE OF ATHORITIES

**Page**

**U.S. SUPREME COURT CASES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1,2,3
Hicks – v – Oklahoma [477 U.S. 343]

**U.S. CONSTITUTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
FOURTEETH AMENDMENT DUE PROCESS CLAUSE

**FEDERAL STATUE**
18 u.s.c. § 401      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

**OKLAHOMA CASES**
MONEY – V – STATE 700 P.2d 204 (Ok.CR.1985) . . . . . . . . . . . . . . . . . .  2

**OKLAHOMA STATUTES**
TITLE 22 O.S. § 926 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1 thru 3 App 1
TITLE 22 O.S. § 927 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2 App 1

ii

IN THE

SUPREME COURT OF THE UNITED STATES

**RELEVANT BRIEF BACKGROUND**

The petitioner acting in pro se confined in state prison in Oklahoma, for multiple convictions in which after several days of jury trial, a verdict of guilty was rendered in a bifurcated trial, the same jury assessed punishment at (70) years after the jury was released the Judge increased the punishment to (210) years. Petitioner's counsel was never informed of the judges' intent to usurp the will of the jury counsel had no opportunity to be effective since he was blindfolded and gagged.

**PETITION FOR CONSTRUCTIVE CONTEMPT**

Petitioner respectfully prays this Honorable Supreme Court issue a show cause order to the respondent judges of Oklahoma for constructive contempt of court title 18 USC § 401 for the willful disobedience of the mandate that was issued to Oklahoma on June 16, 1980. In the case of Hicks-v-Oklahoma [447 U.S. 343 at 346]

The contempt petitioner prays for arose from an act outside the immediate presence of this Supreme Court. The act of said respondents was intended to degrade and make impotent the authority this High Court exercised over Oklahoma in Hicks supra, and to impede and disobey the administration of justice.

The conduct of the respondents was willful, intentional and deliberate with the evil purpose that if Oklahoma was not satisfied with the punishment decision the jury rendered they will release the jury, day, weeks later assess punishment according to the will of the District Attorney and judge.

This wanton conduct is in disregard of the Oklahoma Statute title 22 O.S. 926, the constitutional rights of the accused, and the disobedience of this High Courts order to Oklahoma in Hicks at 346.

1

Respondent judges were presiding over the petitioner's case in District Court and on direct appeal in their judicial capacity. Respondents knew or should have known the state of Oklahoma had been issued a mandate by this Supreme Court in Hicks at 346, that only if the jury failed to reach a decision on punishment that said judges would have jurisdiction to assess and declare punishment Oklahoma Statute title 22 § 927. The judge's authority is to impose the will of the jury, petitioners' jury did not fail to assess punishment.

The jury in this case was very adamant about their decision on punishment that was rendered. The act of releasing the jury from the case, and many days later the judge usurped the will of the jury by increasing the punishment from the 70 years minimum assessed by the jury, the judge increased punishment by 140 years.

This act of the court was committed by the respondents personal motivation used the judicial office of the presiding judge as an offensive weapon with personal motivation to vindicate personal objectives, maliciously, and deliberately, in clear absence of any jurisdiction as decided by this Supreme Court in Hicks at 346.

The act of the Oklahoma court of Appeals that has been committed in the case of Money-vs-state 700 P2d 204, 207 (Okl.Cr. 1985) over-rules an/or circumvents this Supreme Court decision in Hicks supra, to the extent that: the defendants total punishment is not part of the province of the jury. This very act that has been committed by Oklahoma was intended to degrade and make impotent the authority of the Supreme Court, and to impede the authority this High Court exercised over Oklahoma in 1980 in Hicks Supra.

The Oklahoma Legislature is constituted for establishing punishment procedures, not the appeals court. The Oklahoma Legislature when Okla. Stat.tit. 22 O.S. 926 was established their intent was for the jury to assess and declare punishment, not on the whim of a judge.

The unlawful judicially created policy for punishment procedure impedes the administration of justice. This judicially created punishment procedure respondent have illegally conspired and judicially created an arbitrary and substantive evil. The Oklahoma Court of Appeals has created a ghost statute, this non-traditional activity is beyond the scope of the district, and Appeals Court jurisdiction, and duty as judges.

2

The willful misconduct, and disobedience of this Supreme Courts mandate to Oklahoma in Hicks supra is solid evidence of deliberate and intentional conduct with the evil purpose that if the District Attorney and judge are not satisfied with the jury's decision on punishment they release the jury wait days, weeks, and set punishment at what the court feels appropriate.

## PETITIONERS STANDING TO BE HEARD

Respondent judges has disobeyed the mandate that this High Court issued to these respondent Oklahoma in Hicks supra on June 16, 1980. This willful disobedience has caused the petitioner irreparable injury, and is in danger of sustaining future injury from their arbitrary conduct. Petitioner seeks an order from this High Court to undo the consequence of the wrongful conduct, and to refrain from their arbitrary substantive evil in the future. This Supreme Court has a duty to enforce its order/mandate, and this petitioner has the right to make the legal claim that the decision/mandate in Hicks is relevant to this petitioner when the respondents denied this petitioner the jury's assessment of punishment which he was entitled to under Oklahoma Laws, Okla. Stat.tit 22[447 U.S. 346] § 926, an arbitrary disregard of this petitioners' right is a denial of due process of law. In Hicks supra Oklahoma conceded to this Supreme Court that the petitioner has a statutory right for the jury to fix total punishment in the first instance, this conceded right is now the same they now denied. The very interest we seek to protect is within the zone of interest regulated by the Oklahoma statute 22[447 U.S. 346] § 926 and the guarantee of the fourteenth Amendment preserves against Oklahoma arbitrarily depriving. Appendix (1) attached page seven thru eight of the formal sentencing transcript.

William Dean Wetmore

William Dean Wetmore

3

## SWORN AFFIDAVIT

I <u>William Dean Wetmore</u>, the petitioner in this cause of action of petition for Constructive Contempt of Court against the respondents/Oklahoma swear the penalty of the perjury that everything within this petition for Contempt of Court is true and correct to the best of my knowledge and belief. Petitioner exercised his right to be tried and punished upon conviction by the jury of his peers as guaranteed by Oklahoma law titled 22 O.S. 926 and United States Constitution, also a plea agreement was offered for 30 years sentence, which was rejected. The Contempt charges petitioner seeks comes after the fact of which this High Court issued a mandate to Oklahoma/Respondents that Oklahoma law this petitioner was entitled to have punishment fixed by his jury, and that very jury did in fact fix punishment. This problem arose when as the sentencing transcript verifies the District Attorney was not satisfied with the jury's decision on punishment page seven through eight and asked the judge to usurp the will of the jury and increase punishment. The relevance to the mandate that was issued by this High Court to these respondents is Hicks Supra and 22 [447 U.S. 346] 926, is unrepealed and still in effect and substantially effects this petitioner.


_William Dean Wetmore_

William Dean Wetmore


## Notary Public


Cleveland County    }
                    }s/s
State Oklahoma      }

Subscribed and Sworn before me on this _____30th_____ day of _April_, 2008.


_____7-27-11_____

My Commission Expires


_Sandra Dorris_

Notary



SANDRA DORRIS
Notary Public
State of Oklahoma
Commission # 99010119 Expires 07/27/11

```
 1   APPEARANCES OF COUNSEL

 2         FOR THE STATE:              Mr. Roy Calvert
                                       Assistant District Attorney
 3                                     Comanche County Courthouse
                                       Lawton, Oklahoma   73501

 4         FOR THE DEFENDANT:          Mr. Gerald Neuwirth
                                       Attorney at Law
 5                                     812 W. Gore Blvd.
                                       Lawton, Oklahoma   73501
 6
                                              -AND-
 7
                                       Mr. Joe B. Reeves
 8                                     Attorney at Law
                                       1005 S.W. C Avenue
 9                                     Lawton, Oklahoma   73501

10                                            -AND-

11                                     Mr. Mack K. Martin
                                       Attorney at Law
12                                     119 N. Robinson Ave.
                                       Suite 360
13                                     Oklahoma City, Oklahoma   73102

14   FOR THE CHILD:                    Ms. Lisa Villalon
                                       Attorney at Law
15                                     2813 Chateau Court
                                       Duncan, Oklahoma   73533

16

17

18

19

20

21

22

23

24

25
```

1  sentence?

2          MR. CALVERT:  No, Your Honor.

3          THE COURT:  By the defendant?

4          MR. REEVES:  The defendant would just ask you to

5  consider in this, and I think the Court recognized during the

6  trial some of the significant legal issues raised, ask you to

7  consider whatever sentences are imposed making them run

8  concurrently, especially as to Counts VII through IX, because

9  there was a significant issue about the time barred issue in

10 the statute of limitations and now, and also ask you to

11 consider a split sentence as authorized by law, which would

12 enable him to remain here in the county jail where he's been

13 serving since the verdict was returned in a trustee capacity.

14         THE COURT:  Okay.  Anything further?

15         MR. REEVES:  No, sir.

16         THE COURT:  All right.  Mr. Wetmore, you were

17 acquitted in Counts I, II, and III; you were found not guilty.

18 Count IV, the jury recommended a punishment of twenty years

19 and in consideration of all the facts of this case and the

20 evidence produced during the trial, it's the judgment and

21 sentence of this Court in Count IV that you serve a term of

22 twenty years confinement with the State of Oklahoma Department

23 of Corrections and that you be assessed the costs of

24 prosecution of this case, which will include the pre-sentence

25 investigation report fee of two hundred dollars.  That will be

# Exhibit (6)

## Administrative Grievance

Date:  May 19, 2008

To:    William K. Suter,
       Court U.S. Supreme Court

From:  William Dean Wetmore#370863
       Michael James Lawrence #145666

Ref.:  Petition For Constructive Contempt

## ADMINISTRATIVE GRIEVANCE

Mr. Suter with all the correspondence I have had with your office you should be familiar with all the errors and mistakes that have been committed in this case by Clerk Gail Johnson. On May 6, 2008 Ms. Johnson received my petition for Constructive Contempt of Court against Oklahoma, in which she returned stating the U.S. Supreme Court does not have jurisdiction to enforce the mandate the High Court issued in Hicks-v-Oklahoma [447 U.S. 343 at 346] this statement Ms. Johnson made in this letter is outlandish. All documents in this case will be forwarded to the Federal Bureau of Investigation (FBI) and the Justice Department. I am not sure of the connection between Ms. Johnson and the Oklahoma Attorney General, in the end I believe the actual truth will surface. Mr. Suter this case **IS NOT GOING AWAY** or rubber-stamped. Below is a list of errors, accidental or intentional.

1. Petition for Certiorari was not filed for the reason it was out of time, when in fact it was (28) days early, if this courts forms had been observed this problem would have never occurred, after instructing the Clerk of their mistake they still would not file the petition, after bringing this error to your attention it was finally corrected.

2. After a 60 day extension was granted due to the errors of the Clerk the petition was again returned unfiled for the reason the appendice was overlooked by the clerk, a letter was attached precisely guiding the clerk step by step.

3. #300.00 dollars filing fee was paid, which has disappeared, and after several letters inquiring, which has been ignored, and no body in the clerk's office will answer the whereabouts of this money?

4. Ms. Johnson states in her letter attached May 7, 2008 she cannot give legal advice or assistance or answer legal questions, which none were asked. Also with all the errors and mistakes she has made in this case she would be the last person I would ever ask, a clerk that is so incompetent she does not even understand or observe her own forms. Also if she can't give advice who gave her the authority to interrupt the Constitution? Mr. Suter, maybe you should advise your clerks of the constitutional violations against a Court Clerk who negligently delays, refuses,

*08 1344*

**FILED**

AUG - 4 2008

**Clerk**, U.S. District and
Bankruptcy Courts

impedes or neglects, or interferers with filing a petition and denies an individuals right of access to court. They may find themselves in court defending against a 42 U.S.C. 1983 lawsuit in which the clerk's office is the defendant for unlawful interference and deprivation of access to the court.

Mr. Suter as for all the above reasons of neglect, incompetence, interferences, delays I am not sure if I could have any faith or trust in the office of the clerk of the United States Supreme Court, and that is a real shame. The right of access to the court is a privilege and immunities accorded to every one under Article 4, of the Constitution and the fourteenth Amendment, Ryland –v- Shapiro.

I, declare under the penalty of perjury every statement made in this Grievance is true and correct to the best of my knowledge and beliefs.

Michael James Lawrence#145666

William Dean Wetmore#370863

cc:
Federal Bureau of Investigation
Justice Department
Federal Attorney General
Justices of the Supreme Court

file

F
08 - 1344
RMC

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

*MICHAEL J. LAWRENCE*
*WM. D. WETMORE*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

*PRO SE's — P/R*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

*WILLIAM K. SUTER, ET AL*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
~~T~~

Case: 1:08-cv-01344
Assigned To : Collyer, Rosemary M.
Assign. Date : 8/4/2008
Description: Pro Se General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

☉ 2 U.S. Government
Defendant

□ 3 Federal Question
(U.S. Government Not a Party)

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### □ A. Antitrust

□ 410 Antitrust

### □ B. Personal Injury/ Malpractice

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. Administrative Agency Review

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

### □ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## □ E. General Civil (Other) OR ☉ F. Pro Se General Civil

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Immigration
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
☉ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

4

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding □ 2 Removed from State Court □ 3 Remanded from Appellate Court □ 4 Reinstated or Reopened □ 5 Transferred from another district (specify) □ Multi district Litigation □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 USC 1983*

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23     **DEMAND $** Check YES only if demanded in complaint **JURY DEMAND:** □ YES ● NO

**VIII. RELATED CASE(S) IF ANY** of (See instruction) □ YES ● NO If yes, please complete related case form.

DATE *Aug. 4, 2008*     SIGNATURE OF ATTORNEY OF RECORD *NCO*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\Forms\js-44.wpd